AO 93 (Rev. 11/13) Search and Seizure Warrant



# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.   1:18SW159 |
| 15245 VALLEY STREAM DRIVE, WOODBRIDGE, VIRGINIA; A TWO-STORY, SINGLE-FAMILY TOWNHOUSE | ) ) ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____Virginia_____
*(identify the person or describe the property to be searched and give its location)*:

15245 VALLEY STREAM DRIVE, WOODBRIDGE, VIRGINIA; A TWO-STORY, SINGLE-FAMILY TOWNHOUSE as described in Attachment A (Property to be Searched)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B (List of Items to be Searched for and Seized)

**YOU ARE COMMANDED** to execute this warrant on or before _____April 5, 2018_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Ivan D. Davis_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   22 Mar 18 @ 1527 hrs      _____/s/_____
                                                                       Ivan D. Davis
                                                                       United States Magistrate Judge *Judge's signature*

City and state:      Alexandria, VA                    Hon. Ivan D. Davis, U.S. Magistrate Judge
                                                                       *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.:<br>1:18SW159 | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

(Property to be searched)

The property to be searched is 15245 Valley Stream Drive, Woodbridge, Virginia. The PREMISES is described as a two-story, single-family townhouse. The PREMISES is yellow in color, and has a gray roof and green-colored door. The PREMISES is located in Prince William County, within the Eastern District of Virginia.

**Front of the PREMISES**                    **Front Door of the PREMISES**

                    

## ATTACHMENT B

(Description of Items to be Searched for and Seized)

A. Illegal narcotics and drugs, in particular Cocaine Hydrochloride, a Schedule II controlled substance.

B. United States and foreign currency derived from the sale of controlled substances in violation Title 21, United States Code, Sections 841(a)(1) and 846.

C. Narcotics or money ledgers, narcotics distribution or customer lists, narcotics supplier lists, correspondence, notation logs, receipts, journals, books, pay and owe sheets, records and other documents noting the price, quantity, date and/or times when narcotics were purchased, possessed, transferred, distributed, sold or concealed, or money was possessed or transferred; computer disks, computer printouts, computer codes and computer programs in addition to computer hard disks, computer screens, computer keyboards, directory disks, and which might reveal the receipt of proceeds from narcotic distribution and the transfer, investment, control, and disposition of those proceeds.

D. Bank account records, wire transfer records, bank statements and records, money drafts, letters of credit, safety deposit keys and records, money wrappers, money containers, income tax returns, records of financial transfers, which might reflect the proceeds generated from the sale of narcotics in violation of 21 U.S.C. sections 841 and 846.

E. Personal telephone and address books and listings, letters, cables, telegrams, telephone bills, photographs, audio and video tapes, personal notes and other items reflecting

2

names, addresses, telephone numbers, communications, and illegal activities of persons who might be associates in narcotic trafficking activities.

F. Financial instruments purchased with large amounts of currency which might have been derived from the sale of controlled substances, including travelers checks, bonds, stock certificates, money orders and cashier's checks, passbooks, bank checks, bank deposit tickets, certificates of deposit, and memoranda and other items evidencing the obtaining, secreting, transfer, concealment, and/or expenditure of money; money counting machines, money wrappers and bags.

G. Records, documents and deeds reflecting the purchase or lease/rent of real estate, vehicles, precious metals, jewelry, or other items which might have been obtained with the proceeds of the sales of controlled substances.

H. Records, items, and documents reflecting foreign or domestic travel which might have been for the purpose of participating in narcotics trafficking, including airline tickets, credit card receipts, travel vouchers, hotel and restaurant receipts, canceled checks, maps and written directions to locations.

I. Handguns, shotguns, rifles, bullet resistant vests, explosives, and other firearms/incendiary devices and ammunition, as well as receipts for the purchase of the same, that may be used to facilitate the distribution or possession of, with the intent to distribute controlled substances.

J.  Indicia of control, or ownership of the premises and things described in this warrant, such as utility bills, telephone bills, loan payment receipts, canceled envelopes and keys, photographs, and bank records.

K.  For any electronic storage media or digital device whose seizure is otherwise authorized by this warrant, and any electronic storage media or digital device that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    1. Evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    2. evidence of software, or the lack thereof, that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    3. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    4.  evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    5.  evidence of the times the COMPUTER was used;

4

6. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

7. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

8. records of or information about Internet Protocol addresses used by the COMPUTER;

9. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The terms "electronic storage media" and "digital devices" include any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop computers, laptop computers, notebooks, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media;

5

related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, USB flash drives, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); security devices; and any other type of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions.

6

# ELECTRONIC EVIDENCE & SEARCH WARRANT TRANSMITTAL FORM

Case No. 1:18SW159 / 18-1      Date:      3/22/2018

(S)AUSA:      Troy Edwards, Jr.

## I. TYPE OF LEGAL REQUEST:

☐ ECPA Grand Jury Subpoena and Non-Disclosure Order (§§ 2703(c)(2), 2705(b))

☐ ECPA Court Order (§ 2703(d))

☐ ECPA Content Search (§ 2703(a), (b)(1)(A))

☐ Pen Register/Trap & Trace (§ 3122(a)(1))

☐ Other _____

☐ PRTT/Search Warrant Hybrid (§§ 3122(a)(1), 2703(c)(1)(A))

✓ Regular Search Warrant (Rule 41(e)(2)(A))

☐ ESI Search Warrant (Rule 41(e)(2)(B))

☐ Tracking Device Search Warrant (Rule 41(e)(2)(C))

## II. INFORMATION TO BE OBTAINED OR ITEMS TO BE SEARCHED/SEIZED:

☐ Cell Phone Account from Provider

☐ Land Line Account from Provider

☐ Email Account from Provider

☐ IP Address from Provider

☐ Real-Time Cell Site Records from Provider

☐ Social Media/Messaging Account from Provider

☐ Computer/Laptop/Hard Drive/Cell Phone (Rule 41(e)(2)(A))

☐ Tracking Device (Rule 41(e)(2)(C))

✓ Premises/Property/Vehicle (Rule 41(e)(2)(A))

☐ Other _____

## III. INVESTIGATIVE OFFENSE:

✓ Drugs

☐ Extortion/Racketeering

☐ Fraud

☐ Fugitive/Escape

☐ Immigration

☐ Kidnapping

☐ Sex Offenses

☐ Tax

☐ Terrorism

☐ Theft

☐ Weapons

☐ Other _____

## IV. DELAYED NOTICE:

☐ ECPA Non-Disclosure (§§ 2703(d), 2705(b))

    ☐ Initial – 2 years    ☐ Renewal

☐ ECPA Non-Disclosure for Priority Terrorism Enterprise Investigations (§§ 2703(d), 2705(b))

    ☐ Initial – 3 years    ☐ Renewal

☐ PRTT Non-Disclosure (§§ 3123(d)(2))

    ☐ Initial – 5 years    ☐ Renewal

☐ Search Warrant Delayed Notice (§ 3103a(b), Rule 41(f)(3))

    ☐ Rule 41(e)(2)(A), (B), or (C) Warrants

    ☐ § 2703(a), (b)(1)(A), or (c)(1)(A) Searches

    _____ Days

    _____ Days Extension